IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK TULLIS,<br>No. N42979, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case No. 14-cv-00070-JPG<br>) |
| DR. VIPIN K. SHAW,<br>ALLAN E. MARTIN,<br>KENDRA SEIP,<br>SARAH L. JOHNSON,<br>DONALD GAETZ,<br>CHRISTINA BROWN,<br>KIM DEENS, and<br>DR. ART FUNK, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Patrick Tullis, an inmate currently housed at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, regarding inadequate medical care, retaliation for filing grievances regarding his medical care, and the mishandling of those grievances.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

The complaint addresses each of the eight defendants in turn. The Court will follow suit.

### Count 1-Dr. Vipin K. Shaw

Count 1 merely asserts in conclusory fashion that Dr. Vipin K. Shaw denied Plaintiff "proper medical treatment." Prison officials can violate the Eighth Amendment's proscription

against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.  *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).  A review of the 52 pages of exhibits attached to the complaint suggests that Plaintiff is primarily concerned with stomach pain, although issues regarding hypertension and breathing are also suggested.

Although the Court construes *pro se* pleadings liberally, the Court cannot act as Plaintiff's lawyer or wholly determine what claims Plaintiff wants to pursue  " '[J]udges and adverse parties need not try to fish a gold coin from a bucket of mud;" dismissal is the appropriate remedy for district courts presented with 'a bucket of mud.' " *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013) (internal citation to *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) omitted).  Consequently, Count 1 and Dr. Shaw will be dismissed without prejudice.

**Count 2-Warden Allan E. Martin**

Count 2 alleges that Warden Martin "failed to fulfill his duties to get Plaintiff proper medical treatment," suggesting another Eighth Amendment medical claim.  It is further alleged that Martin "retaliated against Plaintiff for writing grievances on these medical issues, etc."  To prevail on a First Amendment retaliation claim, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action.  *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012).

Like Count 1, Count 2 is entirely too vague and conclusory to satisfy the *Twombly* pleading threshold, even under the liberal notice pleading standard (*see* FED.R.CIV.P. 8). Therefore, Count 2 and Warden Allan E. Martin will be dismissed without prejudice.

**Count 3-Kendra Seip**

It is alleged in Count 3 that grievance officer/counselor Kendra Seip "retaliated against Plaintiff for asking about a grievance on some medical issue" by writing a "bogus disciplinary report," landing Plaintiff in segregation and triggering a subsequent transfer to a "Level 2 prison" (which was presumably harsher that wherever Plaintiff had been housed). [1] Multiple grievances are included among the exhibits attached to the complaint, but it is not up to the Court or the defendant to guess which grievance is relevant to this First Amendment retaliation claim. Again, not enough information is conveyed in the complaint to permit the Court to discern a plausible claim and the defendant to fashion an answer. Count 3 and Kendra Seip will, therefore, be dismissed without prejudice.

**Count 4-Sarah L. Johnson**

Count 4 alleges that Administrative Review Board chairperson Sarah L. Johnson denied Plaintiff his Fourteenth Amendment right to due process when she held, lost, destroyed, threw away and/or failed to answer his grievances. This claim is too vague and conclusory to proceed

---

[1] The complaint suggests that the events at issue in the complaint may have occurred at multiple facilities. If so, there is a substantial chance that Plaintiff's claims may not be properly brought in a single action. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)). Plaintiff should keep this in mind if he files an amended complaint.

(particularly in light of the multiple grievances contained among the exhibits). However, the claim itself is fatally flawed.

The Constitution does not require prisons to have administrative systems for the redress of grievances. *See Owens v. Hinsley,* 635 F.3d 950, 953–54 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 772 n. 3 (7th Cir. 2008). Therefore, interference with that administrative process is not, by itself, a constitutional violation. For these reasons, Count 4 and Sarah L. Johnson will be dismissed from this action with prejudice.

**Count 5-Donald Gaetz**

In Count 5, it is alleged that Donald Gaetz, former warden at Pinckneyville Correctional Center, refused to do his duty as "C.E.O." and secure proper medical care for Plaintiff. This claim and Defendant Gaetz will be dismissed with prejudice.

Although the details underpinning this claim are missing, it is clear that Gaetz's liability is premised upon his duty as the warden of the prison. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior*, however, is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011).

**Count 6-Christina Brown**

In Count 6, it is alleged that healthcare administrator Christina Brown refused to do her duty to get Plaintiff proper medical care, even after numerous grievances and a letter brought Plaintiff's situation to her attention.  Again, there is simply no factual underpinning and this claim must be dismissed under the *Twombly* standard.  Unlike Warden Gaetz in Count 5, the complaint indicates that Brown may have had personal involvement and is not merely named as a defendant because of her supervisory position.  Therefore, Count 6 and Christina Brown will be dismissed without prejudice.

**Count 7-Kim Deens**

In Count 7 it is alleged that grievance officer Kim Deens did not perform her duty and process and investigate Plaintiff's medical issues.  Failure to properly respond to grievances is not an independent constitutional violation.  *See Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011).  Therefore, Count 7 and Kim Deens will be dismissed with prejudice.

**Count 8-Dr. Art Funk**

Count 8 alleges that Dr. Art Funk refused Plaintiff medical treatment due to cost considerations, thereby denying Plaintiff proper medical care.  Although an Eighth Amendment medical claim is certainly contemplated, Plaintiff has failed to provide the most basic facts to make out such a claim.  For example, the complaint does not indicate which of Plaintiff's multiple ailments is involved, or what treatment was denied.  Count 8 is a mere conclusory assertion of liability, which does not clear the *Twombly* pleading threshold.  Count 8 and Dr. Funk will be dismissed without prejudice.

### Injunctive Relief

Out of an overabundance of caution, the Court interprets Plaintiff's prayer for relief as including a request for a temporary restraining order ("TRO"). Plaintiff requests, among other things, an M.R.I. of his stomach, "A.S.A.P." (*see* Doc. 1, p. 15).

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3. In other words, "the first step in the action is the filing of the complaint." *Id.,* Advisory Committee Notes, 1937 Adoption. Without a viable complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood,* 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Ctr., Inc. v. City of Chicago,* 431 F.3d 1065, 1069-70 (7th Cir. 2005). *See also* FED.R.CIV.P. 3. Advisory Committee Notes, 1937 Adoption. In any event, there is nothing in the complaint that indicates that a TRO is warranted.

A TRO may issue without notice only if:

(A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED.R.CIV.P. 65(b)(1). The complaint simply does not provide *any* factual basis from which to discern if Plaintiff faces immediate and irreparable injury. Therefore, a TRO will be denied.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's request for a temporary restraining order (within Doc. 1) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 4, 5 and 7** and Defendants **SARAH L. JOHNSON**, **DONALD GAETZ** and **KIM DEENS** are all **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1-3, 6 and 8** and Defendants D**R. VIPIN K. SHAW**, **ALLAN E. MARTIN**, **KENDRA SEIP**, **CHRISTINA BROWN** and **DR. ART FUNK** are all **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **March 21, 2014**, Plaintiff shall file an amended complaint, which shall be limited to claims arising from the Counts 1-3, 6 and 8 of the original complaint. Failure to file an amended complaint by the prescribed deadline will likely result in the dismissal of this action in its entirety for failure to comply with a court order. *See* FED.R.CIV.P. 41(b).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 19, 2014**

                                            *s/J. Phil Gilbert*
                                            United States District Judge