IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK TULLIS, ) | |
| No. N42979, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00070-JPG |
| ) | |
| DR. VIPIN K. SHAW, ) | |
| ALLAN E. MARTIN, ) | |
| KENDRA SEIP, ) | |
| CHRISTINA BROWN, and ) | |
| DR. ART FUNK, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Patrick Tullis, an inmate currently housed at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, regarding inadequate medical care, retaliation for filing grievances regarding his medical care, and the mishandling of his grievances.

Plaintiff's initial complaint (Doc. 1) was review pursuant to 28 U.S.C. § 1915A; several defendants were dismissed with prejudice, and the complaint was otherwise dismissed without prejudice (*see* Doc. 7). An amended complaint (Doc. 9) was filed, followed by a second amended complaint (Doc. 16). Upon filing of the second amended complaint (Doc. 16), the amended complaint (Doc. 9) became moot.

The second amended complaint (Doc. 16) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

The complaint addresses each of the five remaining defendants in turn. The Court will follow suit. The designated counts shall be used in future filings.

**Count 1-Dr. Vipin K. Shaw**

It is alleged that from February 2011 through at least September 2012, Dr. Vipin K. Shaw treated Plaintiff Tullis for stomach pain. Dr. Shaw treated Plaintiff while Plaintiff was at Shawnee Correctional Center and at Pinckneyville Correctional Center. Plaintiff was told to drink more water and he was prescribed Zantac for heartburn. Plaintiff complains that he was never given any pain medication and, even though his symptoms and pain persisted, Dr. Shaw never ordered an MRI. Plaintiff appears to have self-diagnosed himself with an abdominal muscle tear, because he explains that the standard x-rays that were taken would not reveal a muscle tear (*see* Doc. 16, pp. 9-10).

Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

A mere disagreement over the proper course of treatment is not a constitutional violation. *See Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). However, a failure to treat pain can violate the Eighth Amendment. *Berry*, 604 F.3d at 441. Physicians' treatment decisions are given deference, "unless no minimally competent professional would have so responded under similar circumstances" (*Sain v. Wood*,

512 F.3d 886, 894–95 (7th Cir. 2008)), or efficacious treatment is intentionally withheld (*Berry*, 604 F.3d at 441). The second amended complaint states a colorable Eighth Amendment claim against Dr. Shaw, which shall proceed.

**<u>Count 2-Warden Allan E. Martin</u>**

Count 2 alleges that between February 2011, and when Plaintiff was transferred too Pinckneyville in August 2012, Shawnee's Warden Martin knew of Plaintiff's medical predicament and he "signed off on grievances of Plaintiff's medical issues." (Doc. 16, p. 11). It is further alleged that on several occasions Warden Martin had Plaintiff's cell "shaked down" in retaliation for Plaintiff filing grievances (Doc. 16, p. 11). From Plaintiff's perspective, Warden Martin was not fulfilling his duties as warden.

The broad allegation that Warden Martin was somehow not fulfilling his duties as warden fails to state a constitutional claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Thus, the doctrine of *respondeat superior*—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

The fact that Warden Martin "signed-off" on, or concurred with, the denial of a grievance is also insufficient to state a constitutional claim. Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause of the Fourteenth Amendment; therefore, the alleged mishandling of grievances by persons who otherwise did not cause or participate in the underlying conduct does not violate

the Fourteenth Amendment. *See Owens v. Hinsley*, 635 F.3d 950, 953 -54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)).

Plaintiff has stated a colorable First Amendment claim of retaliation. To prevail on a First Amendment retaliation claim, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action. *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). Retaliation for filing a grievance violates the First Amendment. *Id*. Therefore, this aspect of Count 2 will proceed; the other allegations against Warden Martin will be dismissed without prejudice.

**<u>Count 3-Kendra Seip</u>**

It is alleged in Count 3 that grievance officer/counselor Kendra Seip retaliated against Plaintiff for a grievance regarding his medical care by writing Plaintiff a "bogus disciplinary report," landing Plaintiff in segregation, demoting him to C-grade, and triggering a subsequent transfer to a "Level 2 prison" (which is presumably harsher that wherever Plaintiff had been housed). It is further alleged that Seip passed on Plaintiff's grievance in the role of counselor, and then in the capacity of a grievance officer. Plaintiff also observes that the disciplinary summary was not signed, which he contends makes his transfer illegal.

A chronology of events is circumstantial evidence that can support a retaliation claim. *See generally Peele v. Burch*, 722 F.3d 956, 960 (7th Cir. 2013). Therefore, a colorable First Amendment retaliation claim has been stated.

As a predicate for any Fourteenth Amendment procedural due process claim, the inmate must have been deprived of a protected liberty or property interest. *See Thompson v. Veach,* 501

F.3d 832, 835 (7th Cir.2007); *Lekas v. Briley,* 405 F.3d 602, 607 (7th Cir.2005). All of Plaintiff's due process claims against Seip fail and will be dismissed with prejudice.

Even if the disciplinary charge against Plaintiff was false, no protected liberty interest is implicated. Being placed in segregation for 60-days, demotion to C-grade, and a transfer do not trigger Fourteenth Amendment protections. *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) (citing *Sandin v. Conner,* 515 U.S. 472, 486 (1995) (disciplinary segregation that does not present a dramatic departure from the basic conditions of the inmate's sentence does not trigger protection); *Thomas v. Ramos,* 130 F.3d 754, 761-62 & n. 8 (7th Cir.1997) (temporary segregation and demotion to C-grade status does not trigger protections); and *Cochran v. Buss,* 381 F.3d 637, 641 (7th Cir.2004) (transfer to a substantially less agreeable prison and an unfavorable classification is insufficient to trigger protection)).

Relative to the allegations that Seip passed on Plaintiff's grievance in the capacity of both counselor and grievance officer, he has also failed to state a due process claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992). Even if Seip's actions violated the applicable rules for processing grievances set out in the Illinois Administrative Code[1] or prison policies, Plaintiff has no remedy in federal court. "The federal

---

[1] The Illinois Department of Corrections has an established grievance process. *See* 20 ILL. ADMIN. CODE §§ 504.800 *et seq*. An inmate is first required to speak with a counselor about the contested issue. 20 ILL. ADMIN. CODE § 504.810(a). If the counselor does not resolve the problem, the inmate must file a grievance form directed to the Grievance Officer. *Id*. The Grievance Officer submits his recommendation to the Chief Administrative Officer. 20 ILL. ADMIN. CODE § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board. 20 ILL. ADMIN. CODE § 504.850(a).

government is not the enforcer of state law." *Pasiewicz v. Lake Cnty. Forest Preserve Dist.,* 270 F.3d 520, 526 (7th Cir. 2001). The same analysis is applicable to the allegation that the paperwork was not properly signed, had that error been attributed to Seip or some other identified defendant, which it was not.

**Count 4-Christina Brown**

In Count 4, it is alleged that healthcare administrator Christina Brown did nothing to get Plaintiff proper medical care, even after numerous grievances and a letter brought Plaintiff's situation to her attention. Out of an overabundance of caution, and in light of the possibility that Brown, as the healthcare administrator, may have had authority to take action to, in effect, override Dr. Shaw's treatment decisions, this Eighth Amendment claim will be permitted to proceed.

**Count 5-Dr. Art Funk**

According to the second amended complaint, Dr. Art Funk is the director of healthcare services provided to the Illinois Department of Corrections by Wexford Health. Plaintiff wrote to him asking for help with his medical issues. Dr. Funk allegedly refused Plaintiff medical treatment due to cost considerations, thereby denying Plaintiff proper medical care. As with Defendant Brown in Count 4, out of an overabundance of caution, and in light of the possibility that Dr. Funk may have had authority to take action to override Dr. Shaw's treatment decisions, this Eighth Amendment claim will be permitted to proceed.

## Pending Motions

### Service of Process

Plaintiff Tullis has filed three motions for service of process at government expense (Docs. 3, 11, 15). A review of the record reveals the Tullis was granted leave to proceed *in forma pauperis* (*see* Doc. 6). Because of Plaintiff's pauper status, service of summons and the complaint will be undertaken at government expense. *See* 28 U.S.C. § 1915(d). Therefore, his motions (Docs. 3, 11, 15) will all be denied as moot.

### Status and Case Management

Plaintiff has filed a motion for case status (Doc. 12) and for a case management hearing (Doc. 14). Now that the second amended complaint has passed preliminary review, it will be referred to a magistrate judge, who will enter a pretrial scheduling and discovery order. Consequently, Plaintiff's motions (Docs. 12, 14) will be denied.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the amended complaint (Doc. 9) is deemed **MOOT**, superseded by the second amended complaint (Doc. 16).

**IT IS FURTHER ORDERED** that the following claims shall **PROCEED**: **COUNT 1**, the Eighth Amendment claim against **DR. VIPIN K. SHAW**; **COUNT 2**, the First Amendment retaliation claim against **ALLEN E. MARTIN**; **COUNT 3**, the First Amendment retaliation claim against **KENDRA SEIP**; **COUNT 4**, the Eighth Amendment claim against **CHRISTINA BROWN**; and **COUNT 5**, the Eighth Amendment claim against **DR. ART FUNK**.

**IT IS FURTHER ORDERED** that the due process claims alleged in **COUNT 3** against **KENDRA SEIP** are **DISMISSED** with prejudice; and all other claims against all other defendants not directed to proceed are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall have the record reflect that Defendants **SARAH L. JOHNSON**, **DONALD GAETZ** and **KIM DEENS** are all **DISMISSED with prejudice**, as previously ordered at Doc. 7.

**IT IS FURTHER ORDERED** that Plaintiff's motions for service of process at government expense (Docs. 3, 11, 15) are **DENIED AS MOOT**; and Plaintiff's motions for case status and a case management hearing (Docs. 12, 14) are **DENIED**.

The Clerk of Court shall prepare for Defendants **DR. VIPIN K. SHAW**, **ALLEN E. MARTIN**, **KENDRA SEIP**, **CHRISTINA BROWN**, and **DR. ART FUNK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 31, 2014**

*s/ J. Phil Gilbert*
**United States District Judge**
