IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK TULLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:14-cv-00070-JPG-PMF |
| | ) |
| DR. VIPIN K. SHAW, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are motions for summary judgment (Doc. Nos. 47, 50). Plaintiff Patrick Tullis is challenging the conditions of his prison confinement, alleging that defendants Vipin Shaw. M.D., Christine Brown, and Art Funk, M.D. responded with deliberate indifference to his need for medical treatment of a stomach ailment (Counts 1, 4, and 5), that defendant Allan Martin retaliated for his exercise of First Amendment rights by arranging cell searches (Count 2), and that defendant Kendra Seip also retaliated by issuing a false disciplinary report (Count 3). The motions seek a ruling in favor of the defendants on their affirmative defense that Tullis failed to exhaust his administrative remedies before filing suit on January 21, 2014. The motions are opposed (Doc. Nos. 53, 56). On review of the materials, the Court finds that there are no factual disputes requiring an evidentiary hearing.

Inmates who are unhappy with aspects of their prison confinement are required to exhaust available administrative remedies before turning to the Court for a remedy. 42 U.S.C. §1997(e(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to exhaust is an affirmative defense that must be pleaded and proved by the defendant. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). The state's procedural rules establish the contours of the requirement. *Jones*

*v. Bock*, 549 U.S. 199, 218 (2007). In other words, to exhaust, inmates must filed complaints and appeals in the place and at the time the prison's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Grievances are intended to give prison administrators an opportunity to address a concern. They do not need to place individual defendants on notice of an impending lawsuit. *Jones*, 549 U.S. at 218. The defendants may not demand that inmates take steps beyond those that the administrative rules require. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Similarly, inmates are not required to complete procedural steps that are effectively unavailable. *Id.*

In Illinois, the grievance procedure for offenders starts with an informal effort to resolve a concern with a correctional counselor, progresses to the institutional level, and ends with a decision by the director, who acts through the administrative review board. 20 Ill. Admin. Code §§ 504.810, 504.850. When the inmate initiates a grievance that pertains to his confinement at a former facility, he skips the first steps and proceeds directly with the ARB. 20 Ill. Admin. Rules § 504.870.

For reasons discussed below, the defendants have shown that Tullis failed to complete all steps in the prison's grievance process prior to filing this action against them on January 21, 2014. The relevant grievances have been gleaned from the materials and are summarized below, according to the date the grievance was prepared.

<u>November 17, 2011</u>: This grievance was initiated at Shawnee Correctional Center regarding concerns at that facility. It was improperly directed to the ARB when it should have been submitted to counselor, then a grievance officer/warden. It was rejected by the ARB on procedural grounds on November 28, 2011 (Doc. No. 51-1, pp. 1-2). Because Tullis tried to create a shortcut (without success), he did not exhaust this grievance.

May 21, 2012: This grievance was also initiated at Shawnee Correctional Center regarding concerns at that facility. It was submitted to a counselor and bears a response and a signature of Michael Allen (Doc. No. 48-1, p. 39). On July 13, 2012, Tullis discussed the grievance response with Kendra Seip (Doc. No. 48-1, p. 41). The grievance was received by the ARB on October 15, 2012. It was rejected on two grounds: as incomplete and outside of the 60-day timeframe (Doc. No. 48-1, p. 11). Because this grievance was rejected by the ARB without consideration on the merits, it was not exhausted.

On July 28, 2012: This grievance was initiated at the Shawnee facility and sent to Karen Jaimet, a clinical services supervisor. It was received by a grievance officer at the Pinckneyville facility after Tullis was transferred (on August 8, 2012). On October 23, 2012, the grievance officer instructed Tullis to send this grievance to the ARB (Doc. No. 56, p. 23). The grievance was not received by the ARB or processed at that level. It was not exhausted.

August 17, 2012: This grievance was initiated at the Pinckneyville facility, and was directed to Wendy Briley at the IDOC's investigations & intelligence office in Springfield, Illinois (Doc. No. 53, p. 3). Tullis' goal was to spark an investigation. He asked Briley to forward his papers to the ARB. On September 7, 2012, Larry Beck forwarded the grievance to Donald Gaetz, the warden at the Pinckneyville facility. The grievance was returned to Tullis in October, 2012. (Doc. No. 48, p. 38; Doc. No. 53-3, p. 1). Because Tullis did not submit this grievance to the proper places at the proper times, it was not exhausted.

December 12, 2012: This grievance was initiated at the Pinckneyville facility. A counselor responded on December 28, 2012. The grievance was reviewed by a grievance officer on January 22, 2013. The warden adopted the grievance officer's recommendation on January 28, 2013. The ARB received the grievance on February 4, 2013. On December 9, 2013, the

ARB rejected the grievance on procedural grounds, without addressing the merits (Doc. No. 48-1, pp. 14-17). The procedurally defective grievance was not exhausted.

May 6, and 10, 2013: These grievances were resolved by a grievance officer in June, 2013. Recommendations were made and adopted by the warden on June 14, 2013. Tullis submitted the grievance to the ARB, which made a final decision on the merits on March 14, 2014 (Doc. No. 48-1, pp. 18-22). Because the grievances were resolved after this litigation was filed, the grievances were exhausted too late for this case. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

The undersigned finds no persuasive information showing that the grievance process was effectively unavailable to Tullis prior to the date he filed this litigation.

IT IS RECOMMENDED that the motions (Doc. Nos. 47, 50) be GRANTED. Patrick Tullis' First and Eighth Amendment claims against these defendants (Counts 1, 2, 3, 4, and 5) should be dismissed without prejudice for noncompliance with the statutory exhaustion requirement. If this recommendation is adopted, no claims will remain for decision.

**SUBMITTED: November 13, 2015.**

   s/Philp M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**