UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK TULLIS,

    Plaintiff,

v.

DR. VIPIN K. SHAH, ALLEN E. MARTIN,
KENDRA SEIP, SARAH L. JOHNSON,
DONALD GAETZ, CHRISTINA BROWN,
KIM DEENS and DR. ART FUNK,

    Defendant.

Case No. 14-cv-70-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 61) of Magistrate Judge Philip M. Frazier recommending that the Court grant the defendants' motions for summary judgment (Docs. 47 & 50) and dismiss plaintiff Patrick Tullis's claims because he failed to exhaust his administrative remedies before filing suit. Tullis has objected to the Report (Doc. 62), and defendants Dr. Vipin K. Shah and Dr Arthur Funk have responded to that objection (Doc. 63).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In the Report, the Court examined six grievances or sets of grievances filed by Tullis and found that he had not exhausted his administrative remedies for any of those grievances. Tullis

objects to the Report only to the extent it finds his May 6 and 10, 2013, grievances were not exhausted before he filed this lawsuit. The Court has reviewed the Report to the extent it addresses the other five grievances and finds the Report is not clearly erroneous or contrary to law. Accordingly, it will adopt the Report regarding those five grievances.

The Court now turns to Tullis's May 6 and 10, 2013, grievances for a *de novo* review. Magistrate Judge Frazier found Tullis had completed all stages of the grievance process, but that the final stage – a decision of the Administrative Review Board ("ARB") – was completed after Tullis began this litigation. Thus, Magistrate Judge Frazier found, Tullis had not exhausted his administrative remedies *before* filing this lawsuit as required by 42 U.S.C. § 1997e(a).

In his objection, Tullis makes two arguments. First, he complains the ARB took longer than the six months it was allowed under 20 Ill. Admin. Code 504.850(f) to complete review of his grievance. This argument rests on the proposition that after Tullis waited six months without receiving a decision from the ARB, that part of the administrative remedy procedure became unavailable to him and he was free to file his lawsuit without waiting for the ARB response. Second, he argues that he filed his second amended complaint, the operative pleading in this case, and the defendants conducted their first litigation activity, after the ARB's decision on March 14, 2014, so this litigation did not technically begin until those dates.

A prisoner may not file a § 1983 suit "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 87-88 (2006). However, a prisoner need only exhaust remedies that are "available" to him. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Johnson v. Litscher*, 260 F.3d 826, 829 (7th Cir. 2001). A remedy is deemed to be unavailable if prison officials fail to respond, or indefinitely

delay a response, to inmate grievances and thereby prevent the progress of the grievance through the administrative remedy process. *Lewis*, 300 F.3d at 833; *see Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001).

The evidence in the record reflects that Tullis filed two grievances dated May 6, 2013, and May 10, 2013, respectively, about his lack of medical care. His counselor received and responded to the grievances on May 10, 2013. Tullis then filed his grievances with the grievance officer, who responded on June 12, 2013. The warden concurred with the grievance officer's response on June 14, 2013. On June 19, 2013, Tullis appealed the warden's decision to the Director of the Illinois Department of Corrections, who received the grievance on June 26, 2013. The grievance was referred to the ARB, which issues its decision recommending denial of Tullis's grievance on March 14, 2014. The Director concurred with that recommendation on March 18, 2014.

Before the Director rendered his decision, Tullis filed this lawsuit. On January 21, 2014, while Tullis was waiting for the ARB's recommendation, he filed this case. On threshold review under 28 U.S.C. § 1915A, the Court dismissed all of his claims with leave to amend his complaint to replead only the claims that had been dismissed without prejudice. On February 28, 2014, Tullis filed an amended complaint pursuant to the Court's instructions. Before the Court could conduct a § 1915A review of the amended complaint, on May 12, 2014, Tullis filed a second amended complaint – without leave of court or agreement from the defendants – raising essentially the same claims as the first amended complaint.

With respect to Tullis's first objection – that the ARB did not respond to his grievances within six months thus rendering the remainder of the administrative remedy process unavailable

to him – IDOC's rules do not provide a deadline for the ARB to make a recommendation to the Director but instead requires the Director to make a final decision "within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances." 20 Ill. Adm. Code 504.850(f).

That the Warden did not issue his final decision until nearly nine months after receiving the appealed grievance did not render the remainder of the administrative process unavailable to Tullis. The six-month deadline is not so much a hard and fast deadline as an aspirational goal, and litigants cannot "make a beeline for court" the moment such a deadline passes. *Ford v. Johnson*, 362 F.3 395, 400 (7th Cir. 2004) (when prison regulations set forth a 60-day deadline for action on a grievance "whenever possible," further remedies were not unavailable simply because the action took six months); *Beahringer v. Page*, 789 N.E.2d 1216, 1226 (Ill. 2003) (stating the time frames for the consideration of grievances are "directory and not mandatory"). Prison officials must be allowed a reasonable time to respond to grievances, *see Mlaska v. Shah*, 428 Fed. App'x 642, 645 (7th Cir. 2011), although at some point the waiting time can become excessive and further remedies can become unavailable, *see Lewis*, 300 F.3d at 833. Courts have found that a lawsuit filed one-month beyond the time period is not enough to cross the line. *See, e.g., Mlaska*, 428 Fed. App'x at 645. Here, Tullis rushed to the courthouse less than a month beyond the six-month period for the Director's decision; he did not give the Director a reasonable opportunity to address his grievance, which he was able to do less than three months beyond IDOC's aspirational goal.

As for Tullis's second objection – that he filed his second amended complaint after he had exhausted his administrative remedies – he misunderstands the rules. Tullis's original complaint, which contained an attempt to plead all of the causes of action currently in the case, was

considered "brought" when it was tendered to the Court on January 21, 2014. *Ford v. Johnson*, 362 F.3d 395, 400, 2004 WL 574995 (7th Cir. 2004) (holding "an action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk"). Thus, Tullis "brought" this action before he exhausted his administrative remedied on March 18, 2014. Tullis cannot escape this result by repleading the same claims in an amended pleading filed after exhaustion is complete.

For these reasons, the Court will adopt the Report as to the May 2013 grievances and will find that Tullis did not exhaust his administrative remedies before bringing this lawsuit. The Court notes that since Tullis did eventually exhaust his administrative remedies, he is free to file a new action raising the exhausted claims within the applicable limitations period.

Accordingly, the Court:

- **ADOPTS** the Report in its entirety (Doc. 61);

- **GRANTS** the defendants' motions for summary judgment (Docs. 47 & 50);

- **DISMISSES** this case **without prejudice** for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   December 23, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
